**BOBBIE JOYCE PENN**                                                                                **PLAINTIFF**

vs.                                        **Civil No. 4:18-cv-04137**

**ANDREW SAUL[1],**                                                         **DEFENDANT**
**Commissioner, Social Security Administration**

## MEMORANDUM OPINION

Plaintiff, Bobbie Joyce Penn, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") benefits under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 4. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**      **Background:**

Plaintiff protectively filed her application on October 9, 2015. (Tr. 11, 201)[2]. In her application, Plaintiff alleged being disabled due to: stroke, depression, high blood pressure,

---

[1] Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.
2 References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 9, These references are

anxiety, high cholesterol, bipolar disorder, panic disorder, blood clot, type 2 diabetes, and back pain, with an alleged onset date of August 1, 2015. (Tr. 11, 230, 235). Plaintiff's application was denied initially and again upon reconsideration. (Tr. 11). Plaintiff requested an administrative hearing and that administrative hearing was held on October 30, 2017. (Tr. 29-52). At this hearing, Plaintiff was present and represented by counsel, Gregory Giles. (*Id*.). Plaintiff and a Vocational Expert ("VE") testified at the hearing. (*Id*.).

Following the administrative hearing, on May 2, 2018, the ALJ entered a partially favorable decision. (Tr. 7-22). The ALJ found Plaintiff had last met the insured status requirements of the Act through September 30, 2020. (Tr. 13, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity from her alleged onset date of August 1, 2015, through her date last insured. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the severe impairments of: history of cerebral vascular accident (CVA); diabetes; degenerative disc disease; history of major depressive disorder; and a history of anxiety disorder. (Tr. 13-14, Finding 3). Despite being severe, the ALJ determined that, prior to the established onset date, those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 14-15, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined her RFC for the time period between August 1, 2015, and June 11, 2017. (Tr. 15-19). The ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not fully supported prior to June 11, 2017. (Tr. 18). The ALJ determined Plaintiff retained the RFC to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant could occasionally climb stairs and ramps, kneel, crouch, crawl, and stoop and never climb ropes, ladders, or scaffolds. The claimant could perform simple, routine, and repetitive tasks and [was] limited to simple work-related decisions. The

to the page number of the transcript itself not the ECF page number.

claimant could perform work where interpersonal contact is incidental to work performed.
(Tr. 15).

The ALJ then considered Plaintiff's subjective complaints and determined her RFC beginning on June 11, 2017. (Tr. 19-20, Finding 6). The ALJ evaluated Plaintiff's subjective complaints and found her allegations regarding her symptoms and limitations were consistent with the evidence. (Tr. 19). The ALJ determined Plaintiff retained the RFC to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant could perform simple, routine, and receptive tasks and [was] limited to simple work-related decisions. The claimant could perform work where interpersonal contact is incidental to work performed.
> (Tr. 19).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff had been incapable of performing any of her PRW since August 1, 2016 (Tr. 20, Finding 7). The ALJ found Plaintiff to be an individual closely approaching advanced age prior to the established onset date, and that her age category had not changed since the established onset date. (Tr. 20, Finding 8). The ALJ found that prior to June 11, 2017, there were jobs in the significant numbers in the national economy that Plaintiff could perform. (Tr. 20-21, Finding 11). The ALJ found Plaintiff could perform the representative occupations of: housekeeper cleaner with approximately 552,010 jobs in the nation; cleaner-polisher with approximately 323,707 jobs in the nation; or sorter with approximately 466,536 jobs in the nation. *Id*. The ALJ found that beginning on June 11, 2017, there were no jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 21, Finding 12). Based upon this finding, the ALJ determined Plaintiff was not disabled prior to June 11, 2017, but became disabled on that date and continued to be disabled through the date of the written decision. (Tr. 21, Finding 13).

3

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. (Tr. 198-200). On August 31, 2018, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-4). On October 10, 2018, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 11, 12. This case is now ready for decision.

**2.     Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant

4

can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred on two points: 1) The ALJ's finding that Plaintiff could support light work prior to June 11, 2017, was not supported by substantial evidence; and 2) The ALJ erred in failing to address Listing 12.06 for Plaintiff's anxiety and panic attacks. ECF No. 11. In response, Defendant argues: 1) Substantial evidence supported the ALJ's RFC determination; and 2) The ALJ properly found that Plaintiff did not met a listed impairment. ECF No. 12.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 3rd day of December 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE